UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL E. DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT W. FOX,<br><br>    Respondent. | No. 2:17-cv-0230 TLN AC P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition as untimely. ECF No. 8.

I.    Factual and Procedural Background

On September 21, 1993, a jury convicted petitioner of second degree murder.[1] ECF No. 1 at 1-2; Lod. Doc. 1. He was sentenced to an indeterminate state prison term of fifteen years to life. Lod. Doc. 1.

////

---

[1] In his petition, petitioner identifies his conviction as being in Sacramento County Superior Court Case No. 00F00133 and taking place in 2001. ECF No. 1 at 1. However, as respondent correctly points out, that conviction was for assault with a deadly weapon (Lod. Doc. 11), and the contents of both the petition in this case and the state court habeas petitions make clear that petitioner is challenging his 1993 conviction for second degree murder in Sacramento County Superior Court Case No. 117993 (ECF No. 1; Lod. Docs. 5, 7, 9).

1

A. Direct Review

Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District, which affirmed the judgment on July 11, 1995. Lodged Doc. No. 2. He then petitioned for review of the Court of Appeal's decision in the California Supreme Court. Lodged Doc. No. 3. The California Supreme Court denied the petition for review on September 20, 1995. Lodged Doc. No. 4. Petitioner does not appear to have petitioned the United States Supreme Court for certiorari. ECF No. 1 at 3.

B. State Collateral Review

On April 20, 2016,[2] petitioner filed a pro se petition for writ of habeas corpus in the Sacramento County Superior Court. Id.; Lod. Doc. 5. The petition was denied on June 10, 2016. ECF No. 1 at 3; Lod. Doc. 6.

Petitioner filed a pro se petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District on July 22, 2016. ECF No. 1 at 4; Lod. Doc. 7. The petition was denied July 28, 2016. ECF. No. 1 at 4; Lod. Doc. 8.

On October 3, 2016, petitioner filed a pro se petition for writ of habeas corpus in the California Supreme Court (ECF No. 1 at 4; Lod. Doc. 9), which was denied on November 22, 2016 (ECF No. 1 at 5; Lod. Doc. 10).

C. Federal Petition

The instant petition was filed on January 31, 2017. ECF No. 1 at 16.

II. Motion to Dismiss

Respondent moves to dismiss the petition on the ground that it is untimely. ECF No. 8. He argues that because petitioner's conviction became final on December 19, 1995, petitioner had one year from the Antiterrorism and Effective Death Penalty Act's (AEDPA) April 24, 1996 effective date to file a federal petition. Id. at 3. The petition was therefore filed nearly ten years after the statute of limitations expired. ECF No. 8 at 3-4. In reply to petitioner's opposition,

---

[2] The filing date of documents submitted when petitioner was proceeding pro se will be determined based on the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (documents are considered filed at the time prisoner delivers them to prison authorities for mailing).

respondent argues that petitioner is not entitled to a later trigger date. ECF No. 13.

   III.   Opposition

Petitioner does not dispute that his petition is untimely based upon the date his conviction became final and instead opposes the motion to dismiss on the ground that the petition is timely "based on substantive changes in the law made retroactive by decision of the United States Supreme Court." ECF No. 12. Though petitioner does not identify the new law in his opposition, the petition cites Rosemond v. United States, 134 S. Ct. 1240 (2014), and Johnson v. United States, 135 S. Ct. 2551 (2015), as providing the grounds for relief. ECF No. 1 at 5, 7.

   IV.   Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In most cases, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, petitioner asserts that he is entitled to an alternate trigger date based on newly recognized constitutional rights made retroactively applicable on collateral review. ECF No. 12; 28 U.S.C. § 2244(d)(1)(C).

      A.   Date Judgment Became Final

State prisoner's whose convictions became final prior to AEDPA's enactment on April 24, 1996, "had a one-year grace period in which to file their petitions." Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (citations omitted). In this case, the California Supreme Court denied direct review of petitioner's conviction on September 20, 1995. Lodged Doc. No. 4. From the record, it appears that petitioner did not submit a petition for writ of certiorari to the Supreme Court of the United States (ECF No. 1 at 3), meaning that his conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The conviction therefore became final on December 19, 1995. Since petitioner's conviction became final prior to the date AEDPA went into effect, absent any tolling, he had until April 24, 1997, to file a federal petition. Patterson, 251 F.3d at 1246. The

instant petition was not filed until January 31, 2017 (ECF No. 1 at 16), nearly ten years after the statute of limitations expired. Accordingly, the petition is untimely based on the date petitioner's conviction became final unless he is entitled to tolling.

Petitioner does not claim or allege facts that demonstrate that he is entitled to equitable tolling. Accordingly, the only tolling potentially available to him is statutory tolling. The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999), overruled on other grounds, Carey v. Saffold, 536 U.S. 214, 225 (2002).

Since petitioner's first state collateral petition was not filed until April 20, 2016, he is not entitled to statutory tolling based on the pendency of any of his state habeas petitions, regardless of whether they were properly filed, because "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)). The petition is therefore untimely unless petitioner is entitled to a later, alternate trigger date.

### B. Newly Recognized Constitutional Right

The statute of limitations can also run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Petitioner argues that his petition is timely because the statute of limitations runs from the Supreme Court's decisions in Rosemond v. United States, 134 S. Ct. 1240 (2014), and Johnson v. United States, 135 S. Ct. 2551 (2015). Respondent argues that § 2244(d)(1)(C) does not provide a later trigger date apply because both cases involve interpretations of federal statutes and are therefore inapplicable to petitioner's state law convictions. ECF No. 13. Respondent further argues that Rosemond has not been made retroactively applicable on

collateral review and that Johnson did not recognize a new constitutional right. Id.

### 1. Rosemond v. United States

Ground One of the petition asserts that, pursuant to the Supreme Court's decision in Rosemond, "petitioner's second degree murder conviction must be reversed because the record does not establish beyond a reasonable doubt that the jury convicted petitioner on a legally valid ground." ECF No. 1 at 5 (altered to use standardized capitalization).

In Rosemond, the Supreme Court "consider[ed] what the Government must show when it accuses a defendant of aiding or abetting" a violation of 18 U.S.C. § 924(c), which "prohibits 'us[ing] or carr[ying]' a firearm 'during and in relation to any crime of violence or drug trafficking crime.'" Rosemond, 134 S. Ct. at 1243 (first alteration added) (quoting 18 U.S.C. § 924(c)). The court held that the jury instruction on aiding and abetting that was given by the district court was inadequate "because it did not explain that [the defendant] needed advance knowledge of a firearm's presence" to be found guilty and therefore made it possible that the jury had convicted without the defendant having the requisite advance knowledge. Id. at 1251-52.

The Supreme Court's ruling on the adequacy of a § 924(c) jury instruction is inapplicable to petitioner's state conviction for second degree murder. Moreover, even if Rosemond were applicable to petitioner's case, "an advance knowledge requirement for accomplice liability is not new," United States v. Nosal, 844 F.3d 1024, 1040 (9th Cir. 2016) (citing Rosemond, 134 S. Ct. at 1248-49), and no court in this circuit has found that the ruling applies retroactively, see, e.g., Limon v. Santoro, No. 16-cv-7436 DOC (PJW), 2016 U.S. Dist. LEXIS 186148, at *5, 2016 WL 8809245, at *2 (C.D. Cal. Dec. 22, 2016, adopted in full April 21, 2017[3]); Watford v. Matevousian, No. 1:15-cv-00005-LJO-MJS, 2015 U.S. Dist. LEXIS 43264, at *5-6, 2015 WL 1498859, at *3 (E.D. Cal. Mar. 31, 2015, adopted in full June 11, 2015); Gentile v. Fox, No. 14-cv-1726-GAF (RNB), 2014 U.S. Dist. LEXIS 109989, at *24, 2014 WL 3896065, at *8 (C.D. Cal. July 11, 2014, adopted in full Aug. 8, 2014[4]); United States v. Black, No. 15-cv-0107 PHX GMS (MHB), 2015 U.S. Dist. LEXIS 176989, at *17-18, 2015 WL 10488879, at *5 (D. Ariz.

---

[3] 2017 U.S. Dist. LEXIS 62740, 2017 WL 1528775.
[4] 2014 U.S. Dist. LEXIS 109988, 2014 WL 3896071.

Dec. 21, 2015, adopted in full Mar. 16, 2016[5]). A number of district courts in other circuits have also declined to apply Rosemond retroactively. See, e.g., Whitted v. Coakley, No. 4:14-cv-764, 2014 U.S. Dist. LEXIS 156697, at *3 (N.D. Ohio Nov. 5, 2014); Taniguchi v. Butler, No. 14-cv-120 KKC, 2014 U.S. Dist. LEXIS 144154, at *12, 2014 WL 5063748, at *5 (E.D. Ky. Oct. 8, 2014) (collecting cases); Rodriguez-Pena v. Werlich, No. 14-cv-994, 2014 U.S. Dist. LEXIS 121483, at *4, 2014 WL 4273631, at *2 (W.D. La. Aug. 29, 2014); contra United States v. Greene, No. 14-cv-431, 2015 U.S. Dist. LEXIS 7871, at *5, 2015 WL 347833, at *2 (E.D. Wis. Jan. 23, 2015) (applying Rosemond retroactively where defendant was convicted under same statute); Jackson v. United States, No. 3:15-cv-00106-MOC, 2015 U.S. Dist. LEXIS 144832, at *8-9, 2015 WL 6455371, at *3 (W.D.N.C. Oct. 26, 2015) (same).

Accordingly, the Supreme Court's decision in Rosemond does not provide petitioner with an alternate trigger date for the statute of limitations.

### 2. Johnson v. United States

Ground Two of the petition argues that "California Penal Code Section 189 is unconstitutionally vague on its face and as applied to petitioner" based on the ruling in Johnson. ECF No. 1 at 7 (altered to use standardized capitalization).

Like Rosemond, Johnson dealt with a conviction for a violation of federal law. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminals Act (ACCA) was unconstitutionally vague. 135 S. Ct. at 2557, 2563. But unlike Rosemond, Johnson "has retroactive effect . . . in cases on collateral review" because it "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." Welch v. United States, 136 S. Ct. 1257, 1265 (2016). However, as respondent points out, the fact that Johnson has been found to apply retroactively is of no benefit to petitioner because the holding in Johnson is inapplicable to the facts in this case.

The Supreme Court in Johnson held that the residual clause in 18 U.S.C. 924(e)(2)(B)(ii) was unconstitutionally vague, not that all residual clauses were unconstitutionally vague. 135 S.

---

[5] 2016 U.S. Dist. LEXIS 33996, 2016 WL 1045365.

6

Ct. at 2557-60 (considering both the language of the ACCA's residual clause and the resulting nine years of difficulty the courts have had in interpreting it). Petitioner was convicted under state law, not the residual clause of the ACCA, and the language of California Penal Code § 189 is entirely dissimilar from that found in the ACCA. Compare Cal. Penal Code § 189 (defining second degree murder as "[a]ll other kinds of murders" that do not fall within the definition of first degree murder)[6] with 18 U.S.C. 924(e)(2)(B)(ii) (defining "violent felony" to include crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). To the extent petitioner may be trying to assert that the new constitutional right recognized in Johnson was a broader prohibition against vagueness, the Court explicitly stated that this prohibition was already well established. Johnson, 135 S. Ct. at 2556-57 ("The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law.'" (quoting Connally v. Gen. Constr. Co., 269 U.S. 385, 391 (1926)). "Moreover, every district court to look at the issue in this state agrees: Johnson neither identified a new federal constitutional right nor restarts the habeas clock under AEDPA for a state habeas action." White v. Rackley, No. 17-cv-7445 AC (MRW), 2017 U.S. Dist. LEXIS 199062, at *4-5 (C.D. Cal. Nov. 30, 2017) (collecting cases); Threat v. Hatton, No. 17-cv-1519 JAH MDD, 2018 U.S. Dist. LEXIS 10012, at *7, 2018 WL 501017, at *3 (S.D. Cal. Jan. 22, 2018) (finding that "Johnson does not represent the Supreme Court's recognition of a new rule of constitutional law applicable to Petitioner, and he is not entitled to a later start date of the AEDPA statute of limitations" where petitioner was challenging conviction under Cal. Penal Code § 189). This court agrees and finds that Johnson does not entitle petitioner to a later start date for the AEDPA statute of limitations.

V. Conclusion

The petition was filed more than a year after AEDPA's enactment and petitioner is not entitled to tolling, nor is he entitled to a later, alternate trigger date based on a newly recognized

---

[6] The scope of first degree murder has been expanded since petitioner's conviction. However, the definition of second degree murder as all other kinds of murder that are not first degree murder has remained the same.

7

constitutional right made retroactive on collateral appeal. Accordingly, respondent's motion to dismiss the petition as untimely should be granted.

VI. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations and a certificate of appealability should not issue.

VII. Plain Language Summary of this Order for a Pro Se Litigant

The petition should be denied because it was filed too late. You do not get statutory tolling because your state habeas petitions were filed after the statute of limitations expired. You also do not get a later start date for the statute of limitations based on Rosemond v. United States, 134 S. Ct. 1240 (2014), or Johnson v. United States, 135 S. Ct. 2551 (2015), because they do not apply to the issues in your case, neither recognized a new constitutional right, and Rosemond is not retroactive.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 8) be granted and petitioner's application for a writ of habeas corpus be denied as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: March 19, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE